IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FERNANDO JAIMES-JIMENEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-332 |
| | § | |
| WARDEN DAN JOSLIN, | § | |
| Respondent.[1] | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Corrections Institution in Three Rivers, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2241, on July 27, 2006. (D.E. 1). It is respectfully recommended that the petition for writ of habeas corpus be denied.

## I.  BACKGROUND

On September 12, 2000, petitioner was arrested for possession of a controlled substance. (D.E. 17, Ex. A, at 8). On April 16, 2001, a state court sentenced him to three years imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ"). Id. On May 4, 2001, he

---

[1] Joe D. Driver, the respondent originally named in this action, is no longer the warden of FCI-Three Rivers. (D.E. 16, at 1). Therefore, Warden Dan Joslin is the correct respondent in this action. See Fed. R. Civ. P. 25(d)(1); see also Reich v. Lancaster, 55 F.3d 1034, 1039 n.2 (5th Cir. 1995).

was transferred to the United States Marshals Service ("USMS") on a writ of
habeas corpus ad prosequendum.  Id.

Petitioner pled guilty to federal charges of illegal re-entry into the United
States, conspiracy to possess and possession of cocaine and cocaine base, and
money laundering in the Austin Division of the United States District Court for the
Western District of Texas.  Id. at 18-23.  On October 25, 2001, in criminal cause
number A-00-CR-230(1)JRN, he was found guilty of conspiracy to possess and
possession of cocaine and cocaine base, as well as money laundering, and
sentenced to 108 months in prison.  Id. at 21-23.  Also on October 25, 2001, in
criminal cause number A-00-CR-289(1)JRN, he was found guilty of illegal re-
entry into the United States, a violation of 8 U.S.C. § 1326, and sentenced to 108
months in prison.  Id. at 18-20.  The district judge ordered that the two sentences
run concurrently.  Id. at 20.

In the judgment for cause number A-00-230, the narcotics and money
laundering charges, the district judge noted that petitioner was to receive credit
toward his sentence for the time he spent in prison from when he was arrested on
September 12, 2000 until he was placed in USMS custody on May 4, 2001, which
was 234 days.  Id. at 22.  He also ordered that the remaining sentence be served
concurrently with his remaining state sentence.  Id.

2

Petitioner was released from TDCJ custody on September 11, 2003, and transferred to USMS custody to serve the remainder of his federal sentences.  Id. at 8.

On August 2, 2005, the Western District of Texas issued an Order correcting petitioner's sentence in cause number A-00-289, the illegal re-entry charge.  Id. at 24.  The original judgment stated that he was to receive credit from the date of his arrest - September 12, 2000 - until he was placed in USMS custody on May 4, 2001.  Id. at 20.  The Judge's Order amended the judgment to give him credit from September 12, 2000, the date of his arrest for the state charge, until October 25, 2001, the date he was sentenced in federal court.  Id. at 24.  This adjustment was done pursuant to United States Sentencing Guidelines § 5G1.3(b).  Id.

On September 22, 2005, the Western District of Texas issued an Order correcting the judgment in cause number A-00-230, the narcotics and money laundering charges.  Id. at 25.  Petitioner disagrees with the BOP's application of this September 22, 2005 Order.  This disagreement forms the basis of his habeas petition.  (D.E. 1).  This Order was the same as the August 2, 2005 Order in A-00-289, the illegal re-entry charge.  (D.E. 17, Ex. A, at 24-25).  It also stated that petitioner was to receive credit from the date he was arrested, September 12, 2000, until October 25, 2001, the date he was sentenced in federal court.  Id. at 25.

3

Again, this adjustment was done pursuant to United States Sentencing Guidelines § 5G1.3(b).  Id.

Petitioner filed a request for administrative remedy with the BOP on November 7, 2005, claiming that he should be awarded good conduct credit for the time that the September 22, 2005 Order credited to his sentence.  Id. at 5.  On December 1, 2005, the BOP responded that "[t]he 13 months of jail time credit you refer to in your request was actually 14 months that was credited as a sentence reduction and therefore will not be indicated as jail time credit on your computation."  Id. at 6.  He filed an appeal on December 20, 2005.  Id. at 7.  On January 23, 2006, the BOP's regional director responded to petitioner's appeal as follows:

> Based on the intent of the court, TDCJ was designated for service of your concurrent federal sentences.  You discharged your state sentence on September 11, 2003, and you were released to the USMS for service of the remainder of your federal sentences.  As a result of your motion, the court issued an order on January 4, 2005, stating the credit from September 12, 2000, through May 4, 2001, should be applied to both federal sentences pursuant to [United States Sentencing Guideline] § 5G1.3(b).  Another order was issued on August 2, 2005, in Docket No. A-00-CR-289JRN which stated you were entitled to credit on your federal sentence from September 12, 2000, until you were sentenced by the court on October 25, 2001, pursuant to § 5G1.3(b).  A similar order was issued on September 22, 2005, in Docket No. A-00-CR-230(JRN) to grant credit pursuant

4

to § 5G1.3(b).

As outlined in Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984)*, Title 18 U.S.C. § 3585(b) is the statute authorizing the award of presentence credit.  This statute authorizes credit for time spent in official detention prior to the imposition of a sentence that has not been credited against another sentence.  Contact with TDCJ has confirmed that credit was applied to your state sentence from September 12, 2000, until your release on September 11, 2003.  To award credit that was applied to your state sentence would be contrary to the intent of this statute.

United States Sentencing Guideline § 5G1.3(b) permits the sentencing judge to adjust the federal sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons pursuant to § 3585(b).  The mechanism for this adjustment is not an order to require presentence credit be given, but to adjust the sentence to a corresponding lower amount.  Since the court did not adjust the sentences imposed and was very specific as to the credit which should be applied to your sentences pursuant to § 5G1.3(b), <u>staff adjusted the term in effect from 108 months to 94 months and 18 days to carry out the court's intent</u>.

<u>Id.</u> at 8-9 (emphasis added).  Petitioner filed a second appeal on March 7, 2006, which was denied on June 8, 2006.  <u>Id.</u> at 10-11.

On July 27, 2006, petitioner filed this habeas petition.  (D.E. 1, at 3).  He claims that he should be awarded good time credit for the period between

5

September 12, 2000, the date of his arrest, through October 25, 2001, the date his federal sentences were imposed.  Id. at 4.

## II.  JURISDICTION

The Fifth Circuit has established that "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).  Petitioner is incarcerated at the Three Rivers Federal Correctional Institution in Three Rivers, Texas.  (D.E. 1).  Therefore, jurisdiction is proper in this Court.

## III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Fifth Circuit has held that a petition for habeas relief by a federal prisoner is premature where the prisoner has failed to allege that he has exhausted his administrative remedies.  Ledesma v. United States, 445 F.2d 1323, 1324 (5th Cir. 1971) (per curiam).  The Fifth Circuit has further determined that although "the exhaustion requirements of 42 U.S.C. § 1997e(a) do not apply to a properly filed section 2241 petition ... federal prisoners must exhaust 'administrative

remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.'"[2]

Mayberry, 74 Fed. Appx. at 299 (citations omitted); see also Fuller v. Rich, 11

F.3d 61, 62 (5th Cir. 1994) (per curiam) (a federal prisoner "is required to exhaust

his administrative remedies before seeking habeas relief in federal court under 28

U.S.C. § 2241"); McMahon v. Fleming, 145 Fed. Appx. 887, 888 (5th Cir. Aug.

15, 2005) (per curiam) (unpublished) (prisoner's habeas petition should be

dismissed absent showing that he exhausted his administrative remedies).

Respondent does not dispute that petitioner exhausted his administrative remedies

before filing this petition.  (D.E. 17, at 4).

## IV.  DISCUSSION

### A.    Motion to Dismiss Standard of Review.

In order to be entitled to habeas relief, petitioner must show his liberty is

being restrained in violation of the constitution, treaties, or statutes of the United

States.  United States v. Hayman, 342 U.S. 205, 211 (1952).  "Habeas corpus relief

is extraordinary and 'is reserved for transgressions of constitutional rights and for a

---

[2] The Prison Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  While this provision does not apply to habeas petitions, the Fifth Circuit recognizes "a judicially created exhaustion requirement." Mayberry v. Pettiford, 74 Fed. Appx. 299, 299 (5th Cir. July 9, 2003) (per curiam) (unpublished).

narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) (per curiam) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims on the basis of dispositive law. Fed. R. Civ. P. 12(b)(6); Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citations omitted). When ruling on a motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff. Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994). Indeed, a court should not look beyond the pleadings. Cinel, 15 F.3d at 1341; McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley). Thus, the central question before the Court is whether plaintiff's complaint states any valid claim for relief. See Conley, 355 U.S. at 45-46; Lowrey v. Tex. A&M Univ.

8

Sys., 117 F.3d 242, 247 (5th Cir. 1997).

**B.    Credit Towards a Federal Sentence for Time Spent in State Custody.**

The Fifth Circuit has held "that there is not a statutory right to credit on a
federal sentence for time spent in state custody pursuant to a related state charge."
Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996) (citation omitted); see also
Adams v. Morrison, 84 Fed. Appx. 419, 420 (5th Cir. Dec. 24, 2003) (per curiam)
(unpublished) (finding petitioner was not entitled to credit on his federal sentence
for time spent in federal custody prior to commencement of his federal sentence
where he had already received the credit towards his state sentence for that time).
Indeed, "[t]here is no statutory authority for district courts to award credit against
federal sentences for time spent in state custody."  United States v. Barrera-
Saucedo, 385 F.3d 533, 536 (5th Cir. 2004) (citing United States v. Wilson, 503
U.S. 329, 333-37 (1992)); see also United States v. Garcia-Gutierrez, 835 F.2d
585, 586 (5th Cir. 1988) ("There is neither statutory nor jurisprudential authority
for the granting of federal prison credit for time served in state custody ... prior to a
federal charge or federal detainer.").  Pursuant to 18 U.S.C. § 3585(b), the
authority to grant a prisoner credit toward a federal sentence for time spent in
serving a state sentence rests in the Attorney General, through the BOP.  Barrera-
Saucedo, 385 F.3d at 536; Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003)

(per curiam).  A court may, under some limited circumstances, grant a downward departure from the United States Sentencing Guidelines for time spent in state custody.  See Barrera-Saucedo, 385 F.3d at 537.

Furthermore, the Fifth Circuit has established that "[a] writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction."  United States v. Londono, 285 F.3d 348, 356 (5th Cir. 2002) (per curiam) (citation omitted).  When a state prisoner is released to USMS custody pursuant to a writ of habeas corpus ad prosequendum, the state's custody remains uninterrupted during the time the prisoner is on loan.  See United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985) (per curiam) (citations omitted).  The Fifth Circuit has determined that when a petitioner receives credit towards his state sentence for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, he is not entitled to receive credit towards his federal sentence for the same time served. See Vignera v. Attorney General of U.S., 455 F.2d 637, 637-38 (5th Cir. 1972) (per curiam); see also McKinley v. Haro, 83 Fed. Appx. 591, 592 (5th Cir. Dec. 9, 2003) (per curiam) (unpublished) ("Time spent by a prisoner in federal custody for the purpose of appearing in federal court via a writ of habeas corpus ad prosequendum is not counted toward the federal sentence if that time was credited toward his state sentence.") (citing Brown, 753 F.2d at 456).

**C.      Application of United States Sentencing Guidelines and Commentary.**

The Fifth Circuit "review[s a] district court's interpretation and application of the Guidelines de novo."  United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005) (per curiam) (citations omitted).  The Fifth Circuit has held that "[a] sentence imposed within a properly calculated [United States Sentencing G]uidelines range is presumptively reasonable and is accorded great deference on review."  United States v. Candia, 454 F.3d 468, 473 (5th Cir. 2006) (citation omitted).  The Candia court stated that "[a] sentence is ultimately reviewed for 'unreasonableness.'"  Id. at 472 (citation omitted); see also United States v. Roush, 466 F.3d 380, 389 (5th Cir. 2006) ("As mandated by United States v. Booker, 534 U.S. 220 ... (2005), [the Fifth Circuit] review[s] a sentence for unreasonableness."). If a district court deviates from the guidelines or a guideline range, then the court must "'articulate fact-specific reasons'" for any deviation.  Roush, 466 F.3d at 389 (citations omitted).

The Fifth Circuit has determined that "[w]here U.S.S.G. § 5G1.3(b) applies, a district court 'shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment....'"  United States v. Dominguez, 156 Fed. Appx. 645, 646 (5th Cir. Dec. 2, 2005) (per curiam) (unpublished) (quoting U.S. Sentencing Guidelines Manual § 5G1.3(b) (2004)).

11

The BOP's authority to award credit is different from the district court's authority to make sentencing adjustments.  Id.; see also Leal, 341 F.3d at 428-30 (rejecting petitioner's contention that the BOP must credit his federal sentence for time spent in state custody).  Federal courts may adjust sentences pursuant to § 5G1.3(b), whereas the BOP may award credit for prior custody pursuant to § 3585(b).

The Fifth Circuit has stated that a Court "'must consider the commentary to the Guidelines as authoritative.'"  Roush, 466 F.3d at 387 (citations omitted).  The "Guideline commentary 'is given controlling weight if it is not plainly erroneous or inconsistent with the guidelines.'"  United States v. Velasco, 465 F.3d 633, 637 (5th Cir. 2006) (citations omitted).  Furthermore, the Fifth Circuit has established that courts "are bound to the plain meaning of an Application Note unless it is inconsistent with the text of the Guideline."  United States v. Garcia-Rodriguez, 415 F.3d 452, 455 (5th Cir.) (citation omitted), cert. denied, 126 S. Ct. 641 (2005).

## D.    Application of § 5G1.3 and Commentary to Petitioner's Claim.

Section 5G1.3 states in relevant part:

> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or

12

Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1)     the court shall <u>adjust</u> the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2)     the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S. Sentencing Guidelines Manual § 5G1.3(b) (emphasis added).  Furthermore, the commentary to § 5G1.3 gives the following example of an application of subsection (b) to adjust a sentence:

> *The defendant is convicted of a federal offense charging the sale of 40 grams of cocaine.  Under §1B1.3, the defendant is held accountable for the sale of an additional 15 grams of cocaine, an offense for which the defendant has been convicted and sentenced in state court.  The defendant received a nine-month sentence of imprisonment for the state offense and has served six months on that sentence at the time of sentencing on the instant federal offense.  The guideline range applicable to the defendant is 12-18 months....  The court determines that a sentence of 13 months provides the appropriate total punishment.  Because the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state*

13

> *sentence, achieves this result.*

U.S. Sentencing Guidelines Manual § 5G1.3, Application Note 2(D).

**1.     The Court Did Not Give Petitioner Credit Towards His Sentence.**

The court order amending the judgment in cause number A-CR-00-230, the narcotics and money laundering charges, of which petitioner now complains, states that "pursuant to USSG § 5G1.3(b), the Court finds that the defendant is entitled to credit from the time he was arrested on September 12, 2000, until he was sentenced by this Court on October 25, 2001."  (D.E. 1, at 24).  According to the Fifth Circuit, a court does not have statutory authority to award <u>credit</u> on a federal sentence for time served on a state sentence, nor can it direct the BOP to do so. <u>See</u> <u>Barrera-Saucedo</u>, 385 F.3d at 536; <u>see</u> <u>also</u> <u>Leal</u>, 341 F.3d at 430 ("Because the nine months he spent in state custody between November 1998 and August 1999 were 'credited against another sentence,' the BOP was not required to credit that time toward his federal sentence.").  However, the court does have the authority to <u>adjust</u> a petitioner's sentence for time spent in state custody.  <u>See</u> <u>Barrera-Saucedo</u>, 385 F.3d at 536.

Here, petitioner argues, in part, that he is entitled to credit from September 12, 2000, the date of his arrest by state authorities, through May 4, 2001, the date he was transferred to the USMS via a writ of habeas corpus ad prosequendum.

(D.E. 1, at 4).  The district court specifically indicated that the action taken regarding petitioner's sentence was pursuant to § 5G1.3(b).  Id. at 24.

Petitioner also argues that he is entitled to credit on his sentence from May 4, 2001, the date he was transferred to federal custody via a writ of habeas corpus ad prosequendum, through October 25, 2001, the date his federal sentence was imposed.  See id.  It is well established that petitioner is not entitled to credit towards a federal sentence for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum because he was continually in state custody.  See Londono, 285 F.3d at 256.  Thus, it is respectfully recommended that petitioner has failed to state a claim for credit towards his federal sentence for the time period between September 12, 2000 and October 25, 2001.

### 2.    The Court Adjusted Petitioner's Sentence.

United States Sentencing Guideline § 5G1.3(b) permits a district judge to give a lesser sentence, i.e., to adjust a sentence downward, to account for time that petitioner spent in state custody for a related offense.  Furthermore, the commentary to § 5G1.3 provides some guidance in an example of an adjustment to a sentence.  See U.S. Sentencing Guidelines Manual § 5G1.3, Application Note 2(D).  By relying on § 5G1.3(b), the district court in Austin adjusted petitioner's sentence as opposed to awarding him any credit.

15

Moreover, the BOP interpreted the court's order in accordance with § 5G1.3(b), as the order states the court's intent to apply petitioner's sentence in accordance with § 5G1.3(b).  Application of § 5G1.3(b) demands that the court's order <u>adjust</u> petitioner's sentence, <u>not grant petitioner credit</u> for time he spent in state custody.  Indeed, there was no statutory authority for the Austin district court to award credit for the time petitioner spent in state custody.  <u>See</u> <u>Barrera-Saucedo</u>, 385 F.3d at 536.

It is respectfully recommended that the BOP correctly interpreted the court's order as an adjustment to petitioner's sentence in accordance with § 5G1.3.

### 3.    Petitioner Can Only Claim Good Conduct Credit for Time Served, Not Sentence Imposed.

If petitioner's sentence was adjusted from 108 months to 94 months and 18 days, it necessarily follows that petitioner cannot earn good conduct credit for a sentence of 108 months.  The Fifth Circuit has held that pursuant to 18 U.S.C. § 3624, good conduct credit is to be awarded on the basis of time actually served, not the sentence imposed.  <u>Moreland v. Fed. Bureau of Prisons</u>, 431 F.3d 180, 184-85 (5th Cir. 2005) (citing 18 U.S.C. § 3624).  The <u>Moreland</u> court explained "that section 3624(b)(1) unambiguously directs how good-conduct credits are to be calculated and applied, which is up to 54 days 'at *the end* of each *year* of the prisoner's term of imprisonment, beginning at *the end* of the first *year* of the

term.'"  Id. at 186 (citation omitted) (emphasis in original); see also Sample v. Morrison, 406 F.3d 310, 313 (5th Cir. 2005) (per curiam) ("'at the end of each year' of the inmate's prison term, he 'may' be awarded 'up to 54 days' of good time credit").  The Fifth Circuit further determined that "this language has a temporal meaning and can only refer to the end of each year the prisoner serves." Moreland, 431 F.3d at 186.

Therefore, petitioner may only receive good conduct credit, within the discretion of the Bureau of Prisons, at the end of each year of his federal sentence that he actually serves.  He cannot claim good conduct credit for the 108-month sentence that was originally imposed by the Western District of Texas, nor can he even claim good conduct credit for the reduced sentence of 94 months and 18 days. Instead, at the end of each year that petitioner serves in the custody of the Bureau of Prisons, the Bureau will make a determination as to whether he will be credited good conduct credit for that year.

It is respectfully recommended that petitioner's claim that he is entitled to good conduct credit for the period of September 12, 2000 through October 25, 2001 is without merit.

## IV.  RECOMMENDATION

For the reasons set forth herein, it is respectfully recommended that petitioner's habeas petition for relief pursuant to 28 U.S.C. § 2241, (D.E. 1), be dismissed, and that respondent's motion to dismiss, (D.E. 17), be granted.

Respectfully submitted this 15th day of February 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).